Samuel R. Randall (No. 024517)
ROBAINA & KRESIN PLLC
5343 N 16th Street, Suite 200
Phoenix, Arizona 85016
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
srr@robainalaw.com

Attorneys for Plaintiff Elizabeth Castro Ayala

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Castro Ayala,<br><br>                    Plaintiff,<br><br>vs.<br><br>Express Urgent Care, P.C.; Express Urgent Care Central, LLC; Express Urgent Care Central, LLC; Express Urgent Care North Mountain, LLC; Express Urgent Care Prasada, LLC; Express Urgent Care Surprise, LLC; Express Urgent Care Thunderbird, LLC; and Duke Nguyen,<br><br>                    Defendants. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Elizabeth Castro Ayala ("Ayala") for her Complaint alleges the following against Defendant Express Urgent Care, P.C., Defendant Express Urgent Care Central, LLC; Defendant Express Urgent Care Estrella, LLC; Defendant Express Urgent Care North Mountain, LLC; Defendant Express Urgent Care Prasada, LLC; Defendant Express Urgent Care Surprise, LLC; Express Urgent Care Thunderbird, LLC; and Defendant Duke Nguyen (collectively "Defendants"):

## PARTIES, JURISDICTION AND VENUE

1.      This is an overtime case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et. seq.*

2.      Ms. Ayala at all relevant times was a resident of Maricopa County, Arizona, and she worked for Defendants in Maricopa County, Arizona. Ayala now resides in the

State of Kentucky.

3.      At all relevant times, Ms. Ayala was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

4.      Express Urgent Care, P.C. ("Express P.C.") is an Arizona professional corporation doing business in Maricopa County, Arizona and whose principal place of business is located in Maricopa County, Arizona.

5.      At all relevant times, Express P.C. was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

6.      Express Urgent Care Central, LLC ("Express Central") is an Arizona limited liability company doing business in Maricopa County, Arizona.

7.      At all relevant times, Express Central was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

8.      Express Urgent Care Estrella, LLC ("Express Estrella") is an Arizona limited liability company doing business in Maricopa County, Arizona.

9.      At all relevant times, Express Estrella was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

10.      Express Urgent Care North Mountain, LLC ("Express North Mountain") is an Arizona limited liability company doing business in Maricopa County, Arizona.

11.      At all relevant times, Express North Mountain was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

12.      Express Urgent Care Prasada, LLC ("Express Prasada") is an Arizona limited liability company doing business in Maricopa County, Arizona.

13.      At all relevant times, Express Prasada was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

14.      Express Urgent Care Surprise, LLC ("Express Surprise") is an Arizona limited liability company doing business in Maricopa County, Arizona.

15.      At all relevant times, Express Surprise was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

2

16.     Express Urgent Care Thunderbird, LLC ("Express Thunderbird") is an Arizona limited liability company doing business in Maricopa County, Arizona.

17.     At all relevant times, Express Thunderbird was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

18.     Express P.C., Express Central, Express Estrella, Express North Mountain, Express Prasada, Express Surprise, and Express Thunderbird (collectively referred to hereinafter as "Express Enterprise Defendants") together constitute an "enterprise" as defined by the FLSA, 29 U.S.C. § 203.

19.     Duke Nguyen ("Nguyen") is a Maricopa County, Arizona resident.

20.     At all relevant times, Mr. Nguyen was and is the manager for all the Express Enterprise Defendants and, at all relevant times was Ms. Ayala's supervisor or manager.

21.     At all relevant times, Mr. Nguyen exercised direct and/or indirect supervisory authority over Ms. Ayala.

22.     Mr. Nguyen was directly involved in decisions affecting the terms and conditions of employment for Ms. Ayala including, but not limited to, decisions regarding hours worked, wages paid, and deductions made to wages.

23.     At all relevant times, Mr. Nguyen was Ms. Ayala's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

24.     Together the Express Enterprise Defendants and Mr. Nguyen were Ms. Ayala's joint employer for purposes of the FLSA.

25.     This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

26.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of Maricopa County, Arizona and 28 U.S.C. § 1391(b)(2) because Defendants caused events to occur in Maricopa County, Arizona out of which Ms. Ayala's claims arise.

## GENERAL ALLEGATIONS

27.     From May 2015 through September 2017, Defendants employed Ms. Ayala as a medical assistant.

3

28.    As such, Ms. Ayala worked in a non-exempt position for Defendants in regard to the FLSA.

29.    Defendants did not pay Ms. Ayala overtime compensation for hours worked for Defendants' benefit in excess of 40 hours in a workweek despite being legally obligated to do so.

30.    With the exception of the second half of 2016 when Ms. Ayala only worked weekends for Defendants, at all other relevant times, Ms. Ayala regularly worked more than forty (40) hours in a workweek.

31.    At relevant times, Ms. Ayala regularly worked between one and four additional 12-hour shifts (beyond her regular three 12-hour shifts in a workweek).

32.    Most weeks, Ms. Ayala worked between 44 and 84 hours a week.

33.    Defendants failed to pay or refused to pay Ms. Ayala for overtime wages for all hours worked by Ms. Ayala in excess of forty hours in a week.

34.    Because Defendants compensated Ms. Ayala at her regular hourly rate for all hours worked, she is entitled to receive an additional half her hourly rate for each hour worked in excess of forty hours per workweek.

35.    Ms. Ayala has been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorney's fees.

36.    As a result of Defendants' unlawful acts and violations of the FLSA, Ms. Ayala is entitled to recovery of overtime wages, liquidated damages in an amount equal to the wages she is owed as unpaid overtime, prejudgment interest, attorney's fees and costs.

## COUNT ONE

### (Overtime Violations under the Fair Labor Standards Act)

37.    Ms. Ayala incorporates herein all previous allegations in this Complaint.

38.    At all relevant times, Defendants were joint employers of Ms. Ayala under the FLSA.

39.    At all relevant times, Ms. Ayala was an employee covered under the FLSA.

40.    Defendants failed to pay Ms. Ayala overtime compensation at the required

rate of one and one-half her hourly rate for each hour worked in excess of forty hours per workweek in violation of the FLSA.

41.     Defendants' violations of the FLSA were willful and accordingly, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42.     Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA.

43.     Ms. Ayala is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages.

44.     Ms. Ayala is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff Elizabeth Castro Ayala prays for judgment in her favor and against Defendants Express Urgent Care, P.C., Express Urgent Care Central, LLC; Express Urgent Care Estrella, LLC; Express Urgent Care North Mountain, LLC; Express Urgent Care Prasada, LLC; Express Urgent Care Surprise, LLC; Express Urgent Care Thunderbird, LLC and Duke Nguyen, and asks the Court to:

A.     Award Ms. Ayala back pay, pre-judgment and any other appropriate relief necessary to make Ms. Ayala whole and compensate her for the legal violations described above;

B.     Award Ms. Ayala liquidated damages;

C.     Award Ms. Ayala attorney's fees pursuant to 29 U.S.C. § 216 and related costs and expenses; and

D.     Award Ms. Ayala such other legal and equitable relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th day of September 2018.

ROBAINA & KRESIN PLLC

By /s/ Samuel R. Randall
_____
Samuel R. Randall
Attorney for Plaintiff Elizabeth Castro Ayala

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Plaintiff John Ayala hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 26th day of September 2018.

ROBAINA & KRESIN PLLC


By */s/* Samuel R. Randall
      Samuel R. Randall
      Attorney for Plaintiff Elizabeth Castro Ayala